# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE GONZALEZ and JASON GONZALEZ,<br><br>**Plaintiffs**<br><br>v.<br><br>THOMAS BUILT BUSES, INC. and DAIMLER TRUCKS NORTH AMERICA, LLC,<br><br>**Defendants** | NO. 3:09cv2271<br><br>(Judge Munley) |

## MEMORANDUM

Before the court are plaintiffs' cross motion for extension of time to effectuate service, defendants' motion to vacate plaintiffs' default judgment, and defendants' motion to dismiss. The motions have been fully briefed and are ripe for disposition.

## BACKGROUND

### Facts

Plaintiff, Michelle Gonzalez, was a school bus driver for the Pocono Mountain School District. (Doc. 1, Compl. 3, 14). On or about November 27 2007, Michelle Gonzalez was driving a Saf-T-Liner C2 Model bus on a normal school bus route when the bus suddenly shut off on a down hill slope, disengaging the power steering. (Id. 3, 10, 15). As a result, Ms. Gonzalez was forced to stop the bus manually, allegedly causing "serious injury and damage, including, but not limited to herniated discs in her neck with radiculopathy into her left arm, as well as various other injuries all of which may be permanent in nature." (Id. 3, 15). Plaintiffs Michelle and Jason Gonzalez filed the instant lawsuit claiming that Defendants Thomas Built Buses, Inc. and Daimler Trucks North America, LLC were negligent, or should be held strictly liable for these injuries due to faulty wiring in the

1

Saf-T-Liner C2 Model, and that the defective wiring was fraudulently concealed and misrepresented. (Id. 3-19). Jason Gonzalez brought a claim for loss of consortium, resulting from the injuries to his wife. (Id. 19-20).

**Procedural History**

The Complaint was filed by Michelle Gonzalez and Jason Gonzalez (collectively "plaintiffs") on November 18, 2009. (Doc. 1, Civil Cover Sheet 1). The Summons was also issued on November 18, 2009, and later "served"[1] on Daimler Trucks North America, LLC on November 28, 2009 and Thomas Built Buses, Inc. (collectively "defendants") on November 30, 2009 by certified mail/return receipt requested. (Docs. 2-3 at 1). On December 10, 2009, plaintiffs filed an executed Return of Service. (Id.) Assuming the dates on the Return of Service are accurate, a response to the complaint was due by December 21, 2009. None was filed.

On February 1, 2010, this court ordered plaintiffs to make an appropriate filing to further the action within ten days, or the action would be dismissed for failure to prosecute. (Doc. 4 at 1). Plaintiffs filed a status report on February 5, 2010, requesting this Court to hold the matter open for an additional 60 days, to see if defendants would make any entries of appearance. If defendants still failed to make an appearance, plaintiffs requested that this court make an entry of default in their favor. (Doc. 5 at 1-2). On March, 9, 2010, plaintiffs requested an entry of default judgment against defendants. (Doc. 7 at 1). Default was entered against defendants by Clerk of Court on March 9, 2010 for failure to answer, plead, or otherwise defend. (Doc. 8 at 1).

---

[1]The main argument in defendants' brief supporting their motion to dismiss and motion to vacate plaintiffs' default judgment is that the complaint and summons were never properly served on either defendant, as required by the Federal Rules of Civil Procedure. See infra p.3.

On March 19, 2010, defendants filed a motion to vacate the entry of default and a motion to dismiss, alleging that plaintiffs had failed to serve them within 120 days after filing the complaint, as required by the Federal Rules of Civil Procedure.[2] (Doc. 12 at 1); <u>see also</u> FED. R. CIV. P. 4(m).

Defendants claim that service by mail is improper under the Federal Rules of Civil Procedure, and that neither defendant had returned a waiver of service of summons, nor was such form ever filed by plaintiffs. (Doc. 12, at 2-6; Doc. 13 at 2). Furthermore, defendants argue that plaintiffs knew that service by mail was improper, as indicated by the language of the "Notice of Lawsuit and Request for Waiver of Service" forms, which were sent to defendants along with the summons. (Doc. 13 at 2-3). As a result, defendants claim that plaintiffs failed to complete service of process under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 12 at 1-6). As a result, defendants argue that plaintiffs' summons and complaint should be dismissed pursuant to Federal Rules of Civil Procedure Rule 4(m) and Rule 12(b)(4) for insufficient service of process. (Doc. 12 at 1-7).

Defendants further argue that the default entered against them is void for improper service and lack of jurisdiction, and that it should be vacated pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Doc. 12, Main Document 3-8). Lastly, defendants argue, "[w]here a plaintiff fails to serve within the 120 day time limit, 'the Court - on motion or on its own after notice to the plaintiff - must dismiss the action . . .'" (Doc. 13 at 12).

In their brief, plaintiffs argue that service was proper under Pennsylvania state law, and alternatively, that they should be granted an extension of time to serve defendants properly. (Doc. 14 at 11).

---

[2]Defendants filed these motions 121 days after plaintiffs filed their complaint and summons.

3

Defendants assert that plaintiffs are not entitled to an extension of time to serve because they have not filed a timely cross motion with the court, and because plaintiffs have not met the requirements for an extension of process under Federal Rule of Civil Procedure Rule 4(m). (Doc. 15 at 2, 9).

In response, plaintiffs filed a cross motion for extension. In this motion, plaintiffs contend that they are either entitled to a good cause extension, or alternatively, that a discretionary extension is appropriate. (Doc. 23 at 3-4). Defendants argue that plaintiff's motion should be denied because: (1) it is untimely; (2) plaintiffs cannot establish good cause; (3) the court should reject plaintiff's request for a discretionary extension; and (4) plaintiff's equitable arguments lack merit. (Doc. 25 at 4).

**JURISDICTION**

Plaintiffs are both citizens of the Commonwealth of Pennsylvania and reside therein. (Doc. 1, Compl. ¶¶ 2-3). Defendant Thomas Built Buses, Inc., is a North Carolina corporation with its principal place of business in North Carolina. (Id. ¶ 4). Defendant Daimler Trucks North America, LLC, is an Oregon corporation with its principal place of business in Oregon. (Id. ¶ 5). The matters in this controversy exceed the value of $75,000, exclusive of interest and costs. (Id. ¶ 1). Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**DISCUSSION**

Defendants set forth two main arguments supporting their motion to dismiss and motion to vacate plaintiffs' default judgment. (Docs. 13, 15, 25). First, they argue that plaintiffs' service was not valid under the Federal Rules of Civil Procedure. (Doc. 15 at 2-8). Defendants also argue that plaintiffs are not entitled to an extension of time for service because they have not shown good cause, and because their deficiencies in service

4

were insufficient to warrant a discretionary extension. (Doc. 15 at 10-13; Doc. 25 at 8-21). We will address these issues in turn.

**1. Was Service Proper?**

First, it must be determined that the method of service was improper before a court may decide whether an extension of time for service is warranted. Plaintiffs allege they properly served the complaint via certified mail (Doc. 14 at 11). They contend that service was proper via Federal Rule of Civil Procedure 4(e)(1) and Pennsylvania state law. (Doc. 14 at 11).

Instead of mailing only the complaint, plaintiffs also included waiver of service forms. (Doc. 13 at 3). By including the "Notice of Lawsuit and Request for Waiver of Service" and "Waiver of Service of Summons" forms along with each summons and complaint, under the Federal Rules of Civil Procedure, service could only be fulfilled via these mailings if the defendants actually waived service. See Umbenhauer v. Woog, 969 F.2d 25, 29 (3d Cir. 1992); see also FED. R. CIV. P. Rule 4(c)(2)(C)(ii) (1992) (repealed 1993). Plaintiffs argue that although they included waiver of service forms with the complaint, the mailing amounted to service of the complaint under the Federal Rules of Civil Procedure via Pennsylvania Rules of Civil Procedure 403 and 404. (See Doc. 14 at 3-4). We disagree.

Waiving service under the federal rules is a "uniquely federal method of serving process." See 969 F.2d at 29. The Third Circuit has found that once a plaintiff has attempted to enact a waiver of service – a federal means of service – the plaintiff can not retroactively attempt to characterize the service attempt as being made pursuant to state law. Id. at 30.

Here, like in Umbenhauer, the plaintiffs sought a waiver of service from the defendants. The "Notice of Lawsuit and Request for Waiver of

5

Service" form attached to each complaint stated,

> . . . this is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint . . . If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure . . .

(Doc. 13 at 3) (emphasis in defendants' brief). Thus, plaintiffs indicated that formal service had not been made by the November 2009 mailings, and that formal service would be made at a later time if the waivers were not executed.

Like in Umbenhauer, these plaintiffs have sought a waiver of service from the defendant, and can not retroactively assert service via the state law provision – which, in this instance, would have allowed for service by certified mail. See Umbenhauer, 969 F.2d at 30; see, e.g., Perez v. Griffin, No. 1:06-CV-1468, 2006 WL 3683164, at *1, n.1 (M.D. Pa. Dec. 12, 2006) (holding personal service required after plaintiff unsuccessfully attempted to waive service). Furthermore, plaintiffs' waiver form admits that they have not effected formal service under the Federal Rules of Civil Procedure. Thus, attaching the waiver to the complaint and summons effectively voided plaintiffs purported service. Here, no attempt at personal service, or service of any kind, was made after the attempted waiver of service.

Based on the Third Circuit's interpretation of the Federal Rules of Civil Procedure and the language of the waiver form sent to defendants, it is clear that plaintiffs failed to serve defendants within 120 days after the complaint was filed. Likewise, because plaintiffs failed to serve the defendants, the default judgment entered by this Court regarding this matter is void and should be vacated pursuant to Federal Rule of Civil

Procedure 60(b)(4). See, e.g., Perez, 2006 WL 3683164, at *1, n.1. (denying motion for default judgment where defendant was not properly served).

**2. Should an Extension of Time for Service be Granted?**[3]

Although several different motions have been filed, the main issue to be addressed in this case is whether the plaintiffs should be granted an extension of time to serve the complaint. Once it has been determined that the plaintiff has failed to serve the defendant within 120 days of filing the complaint, a district court may determine whether an extension of time for service is warranted. The Third Circuit Court of Appeals has set forth a two-pronged standard of review to determine whether granting an extension of time to serve is proper under Rule 4(m), which provides for both mandatory and discretionary extensions. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.
>
> Id. (emphasis added).

---

[3]Defendants first argue that an extension of time is disallowed because plaintiffs' cross motion for an extension of time for service was untimely. This argument is moot because the plain language of Rule 4(m) allows district courts the option to extend time or dismiss complaints sua sponte. The pertinent language reads, "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added). In conclusion, the plain language of Rule 4 allows a court to make an extension of time for service, whether or not a motion to extend time by the plaintiff was timely.

7

We will address the mandatory and discretionary extensions separately.

### a. Mandatory Extension

The Third Circuit has set out three factors to consider in determining whether the plaintiff has established good cause for a mandatory extension. These factors are: (1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the 120 day period); and (3) whether the defendant is prejudiced by the lack of timely service. MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995), cert. denied, 519 U.S. 815 (1996); see also McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (holding plaintiff did not show good cause where plaintiff moved for extension of time after 120 day period).

In applying this standard, the Third Circuit has equated "good cause" with the concept of "excusable neglect" of Federal Rule of Civil Procedure 6(b)(2). MCI Telecomms. Corp., 71 F.3d at 1097 (citing Petrucelli, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)). This standard requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Id. Furthermore, "while the prejudice [inquiry] may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Lastly, "absence of prejudice alone can never constitute good cause to excuse late service." Id. (citing United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del.1988)). "Otherwise, a time limit would be superfluous and meaningless." United States ex rel. Thomas v. Siemens AG, No. 09-4414, U.S. Dist. 2010 WL 1688582, at *12 (E.D. Pa. April 23, 2010). In summary, the good cause inquiry should focus on the reasonable efforts of

the plaintiff to effect timely service, and consider whether granting an extension of time for service would prejudice the defendant. See MCI Telecomms. Corp., 71 F.3d at 1097.

Defendants argue that plaintiffs have not shown good cause, and are not entitled to a mandatory extension of time for service. (Doc. 25 at 8-11). While it appears that plaintiffs believed that they had properly served the defendants, ignorance of the law does not rise to the level of exhibiting a reasonable basis for their noncompliance with the service requirements of Rule 4. See, e.g., U.S. ex rel. Shaw Environ., Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 528 (E.D. Va. 2005) (claiming "[m]istake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m)."). As defendants asserted in their brief, plaintiffs only cognizable effort toward effecting service was an attempt to avoid making formal service by mailing the complaint with the waiver of service form. (Doc. 15 at 9). While plaintiffs' conduct can be construed as being somewhat more reasonable in light of this court entering a default in their favor, defendants' non-appearance, in conjunction with plaintiffs' own waiver request form, should have indicated to plaintiffs that something about their service was awry. Under these facts, plaintiffs have not made a reasonable effort to serve defendants.

Plaintiffs did not move for an enlargement of time to serve in this matter until after 120 days following the filing of their complaint. Generally, for the second prong of the good cause analysis to be met, a plaintiff must move for an extension before the expiration of this 120 day period. See McCurdy, 157 F.3d at 196; see also (Doc. 25 at 9) (citing FED. R. CIV. P. 4 practice commentary, David D. Siegel, C4-18 (". . . plaintiffs can't be too optimistic about what will qualify as 'good cause.' Merely hanging around in the hope that a tardy waiver will appear is not likely to be good cause, or,

in a statute of limitations context, good sense.")). This case is somewhat complicated by the fact that plaintiffs were apparently unaware that their service was insufficient until defendants filed their motion to dismiss, 121 days after the complaint was filed. Nevertheless, good cause is not an easy standard for a plaintiff to meet. Because plaintiffs did not move for an extension of time to serve until 166 days after the complaint was filed, they have failed the second prong of the good cause analysis.

As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service. While it is not likely that a delay of a few months – one that defendants could have avoided by waiving service in the first place – would grossly affect defendants ability to defend this case on its merits, a lack of prejudice to the defendant is not enough by itself to support an extension for good cause. See M.C.I. Telecomms. Corp., 71 F.3d at 1097. In consideration of these three factors, plaintiffs have failed to show good cause under Rule 4(m).

### b. Discretionary Extension

If a plaintiff cannot show good cause for the plaintiff's failure to serve the defendant within 120 days, a district court may either dismiss the action without prejudice, or exercise its discretion to order that service be made within a specific time. Petrucelli, 46 F.3d at 1305; see also FED. R. CIV. P. 4(m). The Third Circuit suggests that the following factors, as stated in the Advisory Committee Notes, should be used to assist a district court in determining whether a discretionary extension is warranted: (1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or concealing a defect in attempted service; and (3) if the plaintiff is appearing pro se. See Petrucelli, 46 F.3d at 1305-06 (citing FED. R. CIV. P. 4(m) Notes of Advisory Committee on 1993

Amendments).

It should be noted that the factors enumerated in the Advisory Committee Notes have been determined to be a non-exhaustive list by the Third Circuit. See id. at 1305-6. Although the Petrucelli court stated that the factors listed in the Advisory Committee's Notes "are not exhaustive," it "express[ed] no opinion as to what factors, in addition to those listed in the Advisory Committee note, a district court may consider when deciding whether to extend time for service or dismiss a case." 46 F.3d at 1305-06 n.28. Additionally, a finding of one of these factors does not necessitate an extension of time, and whether or not an extension for service is warranted remains at the discretion of the district court. Id. at 1306; see, e.g., Chiang v. U.S. Small Bus. Admin., 331 F. App'x 113, 116 (3d Cir. 2009) (holding that district court did not abuse its discretion by denying extension of time where defendants had actual notice of claims against them and statute of limitations on plaintiff's claim had run).

Several recent district courts have also consistently considered the following factors: (1) actual notice of the legal action; (2) prejudice to the defendant; and (3) other relevant factors. See DeLuca v. AccessIT Group, Inc., No. 08-1699, U.S. Dist. 2010 WL 447114, at *9 (S.D.N.Y. Feb. 9, 2010); see also Jumpp v. Jerkins, No. 08-6268, U.S. Dist. 2010 WL 715678, at *7. Additionally, the Third Circuit has stated its preference for deciding cases on their merits, rather than through procedural technicalities. See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); see also, e.g., Harrison v. Bornn, Bornn & Handy, 200 F.R.D. 509, 513 (D.V.I. 2001) (finding it preferable to decide cases on their merits and that magistrate judge properly exercised discretion by extending time for service under Rule 4(m), where attorney failed to move for extension before 120 day period and may have been dilatory in locating defendant).

In summary, a district court has wide discretion in deciding whether to extend time for service under Rule 4(m), but should pay particular attention to the factors enumerated by the Advisory Committee. Petrucelli, 46 F.3d at 1305-06; see also FED. R. CIV. P. 4(m) Notes of Advisory Committee on 1993 Amendments. The district court's decision is to be reviewed for abuse of discretion. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).

Defendants argue that plaintiffs do not deserve an extension at this court's discretion. Based on Third Circuit precedent and application of this discretionary standard in the district courts, the following factors will be considered in determining whether a discretionary extension is warranted: (1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or conceals a defect in attempted service; (3) if the plaintiff is appearing pro se. (4) actual notice of the legal action; (5) prejudice to the defendant; and (6) other factors that may be relevant. See Petrucelli, 46 F.3d at 1305-06 (3d Cir.1995) (citing FED. R. CIV. P. 4(m) Notes of Advisory Committee on 1993 Amendments); see also Jumpp. 2010 WL 715678, at *7. We will address these factors below seriatim.

### i. Defendant's Conduct

First, the conduct of the defendant is to be considered. While defendants are correct in stating that they did not "evade service," there is little doubt that defendants "conceal[ed] a defect in attempted service." FED. R. CIV. P. 4(m) Notes of Advisory Committee on 1993 Amendments. Here, defendants failed to respond to plaintiffs in any way until exactly 121 days after the Complaint was filed. Defendants did so, despite receiving copies of the complaint, summons, and an application for entry of default judgment from plaintiffs. Waiting until the 121st day to inform the plaintiffs that there was a defect in their service by filing a motion to dismiss and a

motion to vacate the default judgment against them can easily be characterized as an attempt to conceal a defect in attempted service. We find no merit in Defendant's claim that concealment is limited to "actions" as opposed to "inaction." Thus, this factor weighs in favor of granting the extension of time.

### ii. Is Plaintiff Pro se?

Plaintiffs are not appearing pro se. Because plaintiffs are represented by counsel who presumably are well acquainted with the Federal Rules of Civil Procedure, this factor weighs against granting a discretionary extension.

### iii. Prejudice to Defendant

Defendants will not be prejudiced in their ability to defend against the claims on their merits. As discussed above, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service. Nevertheless, the amount of time as a result of this extension should be trivial. Although defendants claim that they will be "prejudiced" they simply attempt to pass the burden onto plaintiffs to show how they will not be prejudiced. Defendants are in a much better position to state any prejudice that they may suffer from this delay. Furthermore, if defendants were concerned about being prejudiced from a stale claim, they could have waived service to prevent any delay. Thus, any prejudice to defendants appears to be negligible. This factor weighs in favor of granting an extension of time.

### iv. Notice to the Defendant

There is little doubt that defendants had actual notice of the legal action. Defendants received the complaint and summons via certified mail, and filed a motion to dismiss 121 days after the complaint was filed. If defendants were unaware of the claims asserted against them, they could

13

not have submitted motions to this court regarding such claims. Therefore, it is evident that defendants had actual notice of the claims against them. This factor also weighs in favor or granting an extension of time.

### v. Statute of Limitations

As stated earlier, one of the most important factors to consider is whether the statute of limitations has run on the claims. It is undisputed that the statute of limitations on plaintiffs' claims expired on November 27, 2009 – two years after Ms. Gonzalez was injured. (See Doc. 14, Pls.' Br. in Opp'n to Mot. to Dismiss 11 (citing 42 Pa.C.S.A. § 5524)). As a practical matter, when the statute of limitations has not run, either decision by a court will essentially have the same effect on the parties. See 46 F.3d at 1304 n.6. This is not the case after the time to bring a claim has expired. See id. Therefore, it is logical that this factor be given special consideration within the context of the other factors when determining if a discretionary extension is warranted. See id. (noting the drastic consequences of a court's discretionary inquiry after the statute of limitations have run).

Here, the statute of limitations has run on the claims against the defendants, and dismissing them without prejudice would essentially be no different from dismissing them with prejudice. Likewise, plaintiffs were unaware of their insufficient service until after the 120 period had ended. This factor weighs in favor of an extension, and will be given special consideration due to the practical consequences of dismissing such claims without prejudice.

### vi. Other Factors

Lastly, this court may consider "any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." It is generally preferable to decide a case on its merits than on a procedural

14

technicality.  See Harrison, 200 at 513; see also, e.g., Hritz, 732 F.2d at 1180.  Defendants claim that the timing of their motion for default judgment and motion to dismiss were predicated on the timing of plaintiffs' default judgment application.  (Doc. 25 at 15).  In a case where plaintiffs, defendants, and even this court may have contributed to this procedural impasse, equity favors granting an extension of time for service so that this matter may be decided on its merits.

The majority of the factors listed above weigh in favor of granting a discretionary extension, as do the principles of general equity.  As a result, this court finds – through use of its discretion – that an extension of time for service is justified.

**CONCLUSION**

For the reasons stated above, plaintiffs' cross motion for extension of time to effectuate service will be granted.  Defendants' motion to vacate plaintiffs' default judgment will be granted, and defendants' motion to dismiss will be denied.  An appropriate order follows.

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE GONZALEZ and JASON GONZALEZ,<br><br>**Plaintiffs**<br><br>v.<br><br>THOMAS BUILT BUSES, INC. and DAIMLER TRUCKS NORTH AMERICA, LLC,<br><br>**Defendants** | NO. 3:09cv2271<br><br>(Judge Munley) |

## ORDER

AND NOW, to wit, this 27<u>th</u> day of July 2010, upon consideration of plaintiffs' cross motion for extension of time to effectuate service, and defendants' motion to vacate plaintiffs' default judgment and defendants' motion to dismiss, **IT IS HEREBY ORDERED:**

1. That plaintiffs' cross motion for extension of time to effectuate service (Doc. 23) is **GRANTED** and the plaintiffs are provided thirty (30) days from the date of this order to serve the complaint,

2. Defendants' motion to vacate plaintiffs' default (Doc. 12) is **GRANTED**, and the Clerk of Court is directed to vacate the entry of default entered on March 9, 2010 (Doc. 8); and

3. Defendants' motion to dismiss (Doc. 12) is **DENIED**

        **BY THE COURT:**

        s/ James M. Munley
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**