```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MICHELE GONZALEZ and<br>JASON GONZALEZ, her husband,<br>　　　　　　　　　Plaintiffs | No. 3:09cv2271<br><br>(Judge Munley) |
| v. | |
| THOMAS BUILT BUSES, INC., and<br>DAIMLER TRUCKS NORTH<br>AMERICA, LLC,<br>　　　　　　　　　Defendants | |

## **MEMORANDUM**

Before the court for disposition is the motion for costs and attorneys' fees filed by Defendant Thomas Built Buses, Inc. and Defendant Daimler Trucks North America, LLC (hereinafter collectively "defendants"). The motion has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Michelle Gonzalez (hereinafter "plaintiff") drove a bus for the Pocono Mountain School District. (Doc. 1, Compl. ¶¶ 3, 14). On or about November 27, 2007, plaintiff operated a Saf-T-Liner C2 Model bus on a normal school bus route. The bus suddenly shut off on a downhill slope, disengaging the power steering. (Id. ¶¶ 3, 10, 15). The loss of power steering forced plaintiff to stop the bus manually, which allegedly caused "serious injury and damage" to the plaintiff "including, but not limited to herniated discs in her neck with radiculopathy into her left arm, as well as various other injuries all of which may be permanent in nature." (Id. ¶¶ 3, 15).

Plaintiffs Michelle and Jason Gonzalez filed the instant lawsuit claiming negligence or strict liability on the part of the defendants regarding faulty wiring in the Saf-T-Liner C2 Model. Plaintiffs further allege that the defendants fraudulently concealed and misrepresented the defective

wiring.  (Id. ¶¶ 3-19).  Plaintiff Jason Gonzalez brought a claim for loss of consortium, resulting from the injuries to his wife.  (Id. ¶¶ 19-20).

Plaintiffs filed the instant complaint on November 18, 2009.  (Doc. 1, Civil Cover Sheet 1).  The Summons was also issued on November 18, 2009, and later "served"[1] on Daimler Trucks North America, LLC on November 28, 2009 and Thomas Built Buses, Inc. on November 30, 2009 by certified mail/return receipt requested.  (Docs. 2-3).  On December 10, 2009, plaintiffs filed an executed Return of Service.  (Id.)  Assuming the dates on the Return of Service are accurate, a response to the complaint was due by December 21, 2009.  None was filed.

On February 1, 2010, this court ordered plaintiffs to make an appropriate filing to further the action within ten days, or the action would be dismissed for failure to prosecute.  (Doc. 4 at 1).  Plaintiffs filed a status report on February 5, 2010, requesting this Court hold the matter open for an additional sixty days, to see if defendants would make any entries of appearance.  If defendants still failed to make an appearance, plaintiffs requested that this court make an entry of default in their favor.  (Doc. 5 at 1-2).  On March, 9, 2010, plaintiffs requested an entry of default against defendants.  (Doc. 7 at 1).  Default was entered against defendants by Clerk of Court on March 9, 2010 for failure to answer, plead, or otherwise defend.  (Doc. 8 at 1).

On March 19, 2010, defendants filed a motion to vacate the entry of default and a motion to dismiss, alleging that plaintiffs had failed to serve them within 120 days after filing the complaint, as required by the Federal

---

[1] The court previously addressed whether the plaintiff properly served the complaint on this date.  (See Doc. 27, Memorandum and Order of July 27, 2010).

2

Rules of Civil Procedure.² (Doc. 12 at 1); see also FED. R. CIV. P. 4(m). In response, plaintiffs argued that they had properly served under Pennsylvania state law, and alternatively, that they should be granted an extension of time to serve defendants properly. (Doc. 14 at 11). The court denied the defendants' motion to dismiss, vacated the entry of default and provided the plaintiffs additional time to serve the complaint. (Doc. 27). Since the court's ruling, a case management conference has been held, and the parties have stipulated to the dismissal of Defendant Daimler Trucks North America, LLC.³ (Doc. 38).

Now, the defendants move for attorneys' fees and costs regarding the plaintiffs obtaining default judgment and claiming that they had properly served the defendants. They seek the attorney fees and costs under 28 U.S.C. § 1927 and/or pursuant to the Court's inherent power to supervise parties engaged in litigation.

**JURISDICTION**

Plaintiffs are both citizens of the Commonwealth of Pennsylvania and reside therein. (Doc. 1, Compl. ¶¶ 2-3). Defendant Thomas Built Buses, Inc., is a North Carolina corporation with its principal place of business in North Carolina. (Id. ¶ 4). Defendant Daimler Trucks North America, LLC, is an Oregon corporation with its principal place of business in Oregon. (Id. ¶ 5). The matters in this controversy exceed the value of $75,000, exclusive of interest and costs. (Id. ¶ 1). Therefore, this Court

---

²Defendants filed these motions 121 days after plaintiffs filed their complaint and summons.

³Although only one defendant remains, we will refer to the moving parties as "defendants" because Daimler Trucks was still a party when the instant motion was filed.

3

has jurisdiction pursuant to 28 U.S.C. § 1332.

**Discussion**

The award of attorney fees in the instant matter is governed by 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Third Circuit Court of Appeals has explained that the award of attorney fees under section 1927 is appropriate if the party against whom fees are sought, engaged in the following:

1) Multiplied proceedings;

2) in an unreasonable and vexatious manner;

3) increased the cost of the proceedings; and

4) did so in bad faith or by intentional misconduct.

<u>In re Prudential Ins. Co. America Sales Prac. Litig. Agent Actions</u>, 278 F.3d 175, 188 (3d Cir. 2002).

The court further explained that:

> before a court can order the imposition of attorneys' fees under § 1927, it must find willful bad faith on the part of the offending attorney. Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment. Inasmuch as § 1927 addresses the impact conduct has on the proceedings, sanctions that are imposed under § 1927 must only impose costs and expenses that result from the particular misconduct.

<u>Id.</u> (internal quotation marks and citations omitted).

The court finds that the imposition of attorney's fees is not appropriate in the instant case. Defendants argue that attorneys fees are

4

warranted because the plaintiffs acted in bad faith in alleging that they had properly served the defendant and in moving for the entry of default. We fully addressed the actions of all parties in our memorandum of July 27, 2009. Revisiting all the details at this point is unnecessary. We concluded that all parties, and perhaps even the court, were responsible for the procedural impasse that occurred. Additionally, we concluded that it was appropriate to grant the plaintiff an extension of time to properly serve the complaint. Thus, nothing on the record compels us to find that the plaintiffs acted in bad faith. Accordingly, the motion for attorney's fees and costs will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHELE GONZALEZ and  : No. 3:09cv2271
JASON GONZALEZ, her husband,  :
               Plaintiffs  : (Judge Munley)
       v.  :
THOMAS BUILT BUSES, INC., and  :
DAIMLER TRUCKS NORTH  :
AMERICA, LLC,  :
               Defendants  :

## ORDER

**AND NOW**, to wit, this 31st day of January 2011, the defendants' motion for attorneys' fees and costs (Doc. 28) is hereby **DENIED**.

                                   **BY THE COURT:**

                                   **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**