# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE GONZALEZ and** | : | **No. 3:09cv2271** |
| **JASON GONZALEZ,** | : | |
| **her husband,** | : | **(Judge Munley)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS BUILT BUSES, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition are motions in limine filed by

Defendant Thomas Built Buses, Inc., in advance of the pretrial conference.

The motions have been fully briefed and are ripe for disposition.  For the

reasons that follow, the motions will be granted in part and denied in part.

**Background**

Plaintiff Michelle Gonzalez (hereinafter "plaintiff")[1] was involved in an

incident on or about  November 27, 2007 that led to the instant lawsuit.

During the relevant time period, Pocono Mountain School District employed

_____

[1]This case involves two plaintiffs, Michelle and Jason Gonzales.  We
will refer to Plaintiff Michelle Gonzalez as "plaintiff" because she is the lead
plaintiff with the principal causes of action.  Plaintiff Jason Gonzalez merely
has a derivative loss of consortium claim.

plaintiff as a school bus driver.  (Doc. 59, Def.'s Statement of Material

Facts ¶ 2).  On the day of the incident, plaintiff was operating a 2008 Saf-

T-Liner C-2 Model school bus assembled and distributed by Defendant

Thomas Built Buses, Inc.  (Id. ¶ 6).

Plaintiff avers that, on the day in question, the engine of the bus lost

power and shut down as she drove the bus in Mount Pocono,

Pennsylvania on Route 423 approaching the intersection with Route 196.

(Id. ¶¶ 28-29).  She alleges that when the bus lost power the brake system

and steering wheel also stopped working.  (Id. ¶ 30).   Plaintiff restarted the

engine and the steering resumed functioning.  (Id. ¶ 31).  As she

approached the intersection, she applied the brakes, but they would not

stop the bus.  (Id. ¶ 32).  She turned onto Route 196 and approximately ten

(10) seconds later, the engine again lost power and shut off.  (Id. ¶ 34).

According to the plaintiff, the brakes locked up and the steering wheel shut

down.  She had to pull the steering wheel very hard, and the bus eventually

came to a stop approximately 400 feet farther along the road.  (Id. ¶¶ 35,

42).   As she pulled on the steering wheel, plaintiff heard a popping sound

in her neck.  (Id. ¶ 37).  Plaintiff alleges that she suffered left shoulder and

neck injuries from pulling on the unresponsive steering wheel.[2] (Doc. 63, Pls.' Br. at 13 n.3).

Based upon the incident, plaintiff filed a complaint that included several causes of action. The case is based on the averment that the bus's wiring system was improper. Remaining in the case at this point after discovery and a motion for summary judgment are: Count I, Negligence and Gross Negligence; Count III, Strict Liability (Design Defect and Manufacturing Defect); and Count VII, Loss of Consortium on behalf of Jason Gonzalez.

A pretrial conference has been scheduled, and in accordance with the court's rule, the defendant has filed several motions in limine. We will address them *in seriatim*.

## 1. Motion to preclude testimony of plaintiff's expert Harold Schwartz

Plaintiff has retained Harold A. Schwartz, Professional Engineer,

---

[2]Plaintiff initially alleged the following injuries: herniated discs in her neck, left shoulder sprain and left arm injury, including radiculopathy. (Doc. 1, Compl. ¶ 30). In her answer to the defendant's interrogatories, she identified the following injuries: a) Left clavicle fracture requiring surgery; b) C3-4 disc herniation, C5-6 disc protrusion; c) Aggravation of disc building at L4-5 and L5-S1; and d) Headaches. (Doc. 59, Def. Statement Material Facts ¶ 61). Her brief in opposition to the motion for summary judgment, however, narrows the injuries involved to neck and left shoulder injuries. (Doc. 63, Pls.' Br. at 13 n.3).

("P.E.") as an expert witness.  Plaintiff seeks to call Schwartz at trial to testify to, *inter alia*, his conclusions that the bus at issue was defective in its design and manufacture.  He intends to testify as to the reasons the bus engine shut down and lost power during the incident.  According to Schwartz, the shutdown was due to insufficient slack in a wire leading to the fuse panel.  (Doc. 91-1, Report of Harold A. Schwartz  ¶ 3).  Defendant moves to preclude Schwartz's testimony on the basis that his opinions are unreliable, irrelevant and do not "fit" the facts of this case.  After a careful review, we will not preclude Schwartz's testimony.

Rule 702 of the Federal Rules of Evidence provides that "a witness qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods of reliability to the facts of the case."

The district court's function in determining whether to admit expert testimony is that of a "gatekeeper."  The trial judge is tasked with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  Daubert v. Merrell Dow Pharm., 509 U.S.

579, 597 (1993).  "The objective of that requirement is to ensure the

reliability and relevancy of expert testimony.  It is to make certain that an

expert, whether basing testimony upon professional studies or personal

experience, employs in the courtroom the same level of intellectual rigor

that characterizes the practice of an expert in a particular field."  Kumho

Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).  Three major

requirements are found in Rule 702: "'(1) the proffered witness must be an

expert i.e. must be qualified; (2) the expert must testify about matters

requiring scientific, technical or specialized knowledge [, i.e., reliability];

and (3) the expert's testimony must assist the trier of fact [, i.e., fit].'"  United

States v. Schiff, 602 F.3d 152, 172 (3d Cir. 2010) (quoting Pineda v. Ford

Motor Co., 520 F.3d 237, 244 (3d Cir. 2008)).  Thus, three general

requirements must be met for an expert to be permitted to provide his

opinion; they are: qualifications; reliability and fit.  Here defendant

challenges the reliability of the Schwartz's opinions, their fit to the facts of

this case and their relevancy.  We will address these issues in *seriatim.*

### A. Reliability

Defendant first attacks the reliability of Schwartz's opinion.  "An

expert's opinion is reliable if it is based on methods and procedures of

science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief." Elcock v. Kmart Corp., 233 F.3d 734, 745 (3d Cir. 2000) (internal quotation marks and citations omitted).  In its brief, the defendant argues that Schwartz should have done much more in evaluating the cause of the incident.  For example, he never reviewed the design or installation drawings of the wire at issue; he performed no testing; and he provided almost no analysis.

Focusing on what the witness did examine, however, as opposed to what he did not do, reveals that his opinion is more than unsupported speculation.  He reviewed various documents including pertinent depositions and photos.  (Doc. 91-1, Schwartz report at 2-3).  He also made a site inspection and inspected the bus involved in the incident.  (Id. at 3).  Accordingly, preclusion of the evidence is inappropriate.  The arguable lack of proper evaluation of the cause of the incident goes to the weight that the jury should provide such opinion evidence, which may be properly addressed through cross-examination and argument.

**B. Fit**

The second challenge that defendant makes to Schwartz's testimony is that it does not "fit" the facts of the case.  Evidence "fits" the facts of the

6

case where the expert's testimony is relevant for the purposes of the case and it assists the trier of fact.  Schneider ex rel. v. Fried, 320 F.3d 396, 404 (3d Cir. 2003).  Defendant argues that the evidence at issue here does not "fit" because it relies on the assumption that the wire at issue was in the same condition at the time of the accident as when the bus was distributed by Thomas Built.  The wire, however, had been repaired by the school district mechanics prior to the incident at issue.  Again, we find that this is a proper matter perhaps for cross examination, but it does not require the preclusion of the expert witness.

### C. Irrelevant and Inapplicable

Finally, the defendant argues that a portion of Schwartz's opinion is irrelevant and inapplicable.  Part of Schwartz's report discusses the placement of the electrical fuse panel on the bus.  It indicates that the panel should be located in a different area so as to reduce susceptibility to corrosion of the electrical connections.  Defendant argues that this conclusion has nothing to do with the instant case, therefore, it should be precluded.  At his deposition, Schwartz himself admitted that in his opinion corrosion had nothing to do with the incident.   Specifically he stated: "[Corrosion] does not specifically have anything to do with this accident[.]"

(Doc. 82-1, Def. Ex. A, Dep. of Harold A. Schwartz at 113).  Plaintiff agrees

that testimony regarding road debris/corrosion is not relevant, and she

does not oppose the motion in this regard.  As the evidence is not relevant

and the motion unopposed, the evidence of corrosion and exposure to

road debris shall be precluded.

**2.  Motion to preclude evidence of other incidents and/or**

**modifications to other buses**

Plaintiff alleges that the bus at issue was defective because the

routing of the cable that ran to the Power Distribution Module was defective

in that it failed to provide sufficient slack in the cable.  Plaintiff may seek to

offer evidence that other buses experienced an engine shut down or were

modified to prevent an engine shut down.  Defendant argues that such

evidence should be precluded for the following reasons: A) plaintiff never

disclosed any other incidents during discovery; B) no such similar incidents

exists and C) subsequent modifications are irrelevant.

**A. Non disclosure**

First, defendant alleges that an interrogatory was propounded to

plaintiffs during discovery regarding whether they were aware of other

incidents which involved the same or similar defect or malfunction as

alleged in the complaint.  Plaintiff responded that the answer to this
interrogatory was "unknown" and that she would supplement the response
if such information became available.  Plaintiff never supplemented the
response, and therefore, defendant argues that any evidence of similar
incidents should be precluded from trial.

This issue appears to deal with the deposition testimony of the
school district's diesel mechanic, George Stapleton.  He testified that in
2007, the school district purchased approximately twenty (20) buses.
(Doc. 91-2, Pl. Ex. B, Dep. of George Stapleton (hereinafter "Stapleton
Dep." at 23).   The school district had problems with "a good portion" of
these buses shutting down as plaintiff's bus did.  (Id.)  The problem with
the buses started during the first several months that the school district
had them.  (Id.)   Stapleton concluded that the problem was due to the
ignition wire being too tight.   After fixing the wire on the plaintiff's bus, he
made similar adjustments to the other buses.  (Id. at 40).   Defendant
seeks to preclude testimony regarding problems with the other buses and
the repairs/adjustments made thereto.

First, we find no reason to preclude the evidence because of non
disclosure.   Plaintiff may not have revealed these other similar defects to

the defendant, but the defendant certainly found out about them at its

deposition of Stapleton on July 7, 2011.  Thus, defendant suffered no

prejudice from any non-disclosure by the plaintiff.[3]

### B.  No similar incidents occurred

Next, the defendant argues that no similar incidents actually

occurred.  According to the defendant, the bus malfunction was caused by

"improper routing of the wire harness."  And although other bus engines

may have "shuddered" or "stuttered" those were related to a ground wire,

not the wire at issue here.  Thus, the incidents are not similar and are

irrelevant in the instant case.

We are unconvinced.  Stapleton's deposition is a bit unclear on this

point.  He did testify that other "stuttering" and "shuddering" in the engines

of similar buses was due to a ground wire.  (Stapleton Dep. at 74).  He also

testified, however, that the buses similar to plaintiff's had a problem with

their engines stopping on a regular basis.  (Id. at 23).  This problem

stopped when he repaired the other buses by increasing the slack in the

wiring harness.  (Id. at 44).  It is unclear whether the first issue with the

"ground wire" is similar to the plaintiff's accident, but Stapleton certainly

---

[3]In fact, defendant points to nothing that indicates the plaintiff knew
of these other defects/repairs prior to the Stapleton deposition.

testified that increasing the slack on the wire, as was done in the plaintiff's bus, remedied the engine problem in the other buses.  Accordingly, these were arguably similar incidents and we will not preclude the evidence.  This issue, therefore, is a matter for cross-examination and not preclusion.

### C.  Relevancy of subsequent remedial measures

Defendant's final argument is that the fact that the other buses were repaired is irrelevant.

The law provides that relevant evidence is generally admissible. FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  "The plain meaning of the Rule demonstrates that the scope of relevant evidence is intended to be broad, and the authorities support such a broad reading."  McQueeney v. Wilmington Trust Co., 779 F.2d 916, 922 (3d Cir. 1985).  Relevant evidence may be excluded whether its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

11

Defendant argues that the modifications on the other buses are irrelevant because they were, at best, performed to address *potential* similar problems, not actual bus shutdowns.   We disagree.  As set forth above, Stapleton's deposition can be read to mean that other buses had similar a problem to the bus at issue, and the problem was solved by increasing the slack in the wiring harness.  Thus, the evidence is relevant to establish that the wiring in the plaintiff's bus was in fact defective.

Defendant also argues that the probative value of the evidence is "greatly outweighed" by the "potential prejudice."  Defendant avers that if the jury hears that twenty other buses were modified that it may wrongly infer from the number of modifications that the subject bus must have been defective.  While relevant evidence can be excluded where is probative value is substantially outweighed by a danger of unfair prejudice, FED. R. EVID. 403, such is not the case here.  Merely because several of the other buses needed similar repairs will not unfairly prejudice the defendant.

**3.  Motion to preclude evidence of unspecific or undifferentiated medical expenses or missed days from work**

Plaintiff's claim for injuries is limited to the shoulder sprain she allegedly suffered, from the date of the injury until October 2009.  Thus,

12

plaintiff should be precluded from presenting evidence of unrelated medical expenses according to the defendant.   Defendant argues that plaintiff has not identified the specific medical expenses that plaintiff contends are directly attributable to the shoulder sprain.  Defendant also seeks to preclude evidence of days of work plaintiff missed due to the reasons other than the shoulder sprain.

Plaintiff argues that it is premature to rule upon these issues. Plaintiff's position is that when the medical testimony is presented at trial, the defendant can make appropriate objections if necessary.   We are in agreement.  It appears that evidence of other medical problems or days off from work not due to the shoulder sprain is irrelevant.  It also appears that with no specific evidence at issue to preclude, defendant may best address these issues at trial.  Thus, defendant may object to testimony of medical expenses not relevant to the injury at issue or sick days not related to the shoulder sprain.   Accordingly, this motion in limine will be granted in part and denied in part.

## 4.  Motion to limit plaintiffs' affirmative damages evidence

The next motion in limine concerns limiting liability or damages issues concerning plaintiff's shoulder sprain during the period from the date

of the incident to October 23, 2009.  Defendant requests that the court limit plaintiff's affirmative damages evidence to that evidence concerning treatment for her alleged shoulder sprain. Defendant argues that any evidence pertaining to other, unrelated, injuries is entirely irrelevant.

Plaintiff does not oppose this motion in limine.  Plaintiff notes, however, that she reserves the right to expand the nature and scope of the claimed injuries in the event of a favorable ruling from the Workers' Compensation Appeal Board or an Appellate Court prior to trial. This motion in limine will therefore, be granted as unopposed.

**5. Motion to preclude evidence of plaintiff's workers' compensation lien**

In the instant case, there is a workers' compensation lien against the damage award plaintiff may receive.  Defendant argues that neither the existence nor the amount of this lien is relevant, and therefore, plaintiff should be precluded from introducing such evidence at trial.  Plaintiff concurs in this motion.  (Doc. 92, Pls.' Br. at 5).  Accordingly, it will be granted as unopposed and plaintiff will be precluded from presenting evidence regarding the existence or the amount of the workers' compensation lien.

14

**Conclusion**

For the reasons set forth above, defendants motion in limine will be granted in part and denied in part.  The motion with respect to plaintiff's expert witness Harold A. Schwartz will be denied, except that he will be precluded from testifying regarding the placement of the electrical fuse panel on the bus as it relates to corrosion.  The motion to preclude evidence of other incidents and/or modifications to other buses will be denied.  The motion to preclude evidence of unspecific or undifferentiated medical expenses or missed days from work is denied as premature, however, defendant will be allowed to object at the time of trial to such evidence.  The motion to preclude plaintiff's affirmative damages evidence is granted as unopposed.  The motion to preclude evidence of the workers' compensation lien is granted as unopposed.

**Date: Feb. 28, 2014**              **s/ James M. Munley**

                                                **Judge James M. Munley**
                                                **UNITED STATES DISTRICT COURT**

15